**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SCOTT SEWELL** | **CIVIL ACTION NO.  18-6472** |
| **VERSUS** | |
| | **SECTION:** |
| **DEPUTY CHAD MELENDEZ,** | |
| **INDIVIDUALLY, AND** | |
| **SHERIFF RANDY SMITH** | **MAGISTRATE:** |

**COMPLAINT**

**NOW INTO COURT,** through undersigned counsel, comes the petitioner, **SCOTT SEWELL**, a person of the full age of majority and a resident of St. Tammany Parish, Louisiana, who respectfully represents:

I.     **PRELIMINARY STATEMENT**

1.     This civil complaint is brought pursuant to Title 42 U.S.C. Section 1983 as an action at law to redress the deprivation under color of a statute, ordinance, regulation, custom or usage of a right, privilege, or immunity secured to petitioner by the Fourth and Fourteenth Amendments to the Constitution of the United States providing for equal rights of citizens or of all persons within the jurisdiction of the United States and arising under the laws and statutes of Louisiana.

II.     **JURISDICTION**

2.     Jurisdiction is vested in this Court by 28 U.S.C. Sections 1331 and 1334.

-1-

3.      Supplemental jurisdiction is asserted for all claims cognizable under the laws of the State of Louisiana.

## III.   PARTIES

### (PLAINTIFF)

4.      **SCOTT SEWELL** (hereinafter "**SEWELL**") is an adult citizen of the State of Louisiana and is domiciled in the Eastern District of Louisiana.

### (DEFENDANTS)

5.      **RANDY SMITH** (hereinafter "**SHERIFF SMITH**") in his official capacity as Sheriff of St. Tammany Parish, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana is named defendant herein.

6.      **DEPUTY CHAD MELENDEZ** (hereinafter "**MELENDEZ**") individually as a St. Tammany Parish Sheriff's deputy, an adult citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana is named a defendant herein.

## IV.   FACTUAL ALLEGATIONS

7.      On or about July 7, 2017, defendant, **MELENDEZ**, arrived at 27166 Cloverland Road in Lacombe, St. Tammany Parish Louisiana, to execute a warrant for the arrest of **SEWELL**. The warrant was for misdemeanor defamation. After advising **SEWELL** he would have to be arrested, **MELENDEZ** conducted a pat down search of petitioner. He located a cell phone in **SEWELL's** pocket but permitted him to keep it. **SEWELL** advised **MELENDEZ** that he would cooperate. He requested that he be permitted to put away tools that he had out while he was working on his fence. He also

requested to be permitted to secure his dog and to call his mother to which **MELENDEZ** consented.

8.    **SEWELL** and the defendant, **MELENDEZ,** walked towards the back fence gate where **SEWELL** had his tools. As **SEWELL** approached the gate he took his cell phone out of his pocket to call his mother. He also reached for the back gate to open it.

9.    **MELENDEZ** suddenly became angry and agitated. **MELENDEZ** kicked the back fence gate shut and began screaming at **SEWELL** to not try and flee. **SEWELL** advised **MELENDEZ** that he was only getting his tools and not attempting to flee.

10.    **MELENDEZ** then began screaming at **SEWELL** to put his phone away because he didn't want to be recorded on social media. **SEWELL** advised **MELENDEZ** he was just calling his mother. **MELENDEZ** then demanded **SEWELL** hand over his cell phone. Before **SEWELL** could respond **MELENDEZ** grabbed the phone and yanked it towards himself. This action by **MELENDEZ** caused **SEWELL** to lose his balance and fall into **MELENDEZ**.

11.    **MELENDEZ** immediately began striking **SEWELL** in the face. **SEWELL** fell backwards onto his back. **MELENDEZ** immediately jumped on **SEWELL** and continued to attempt to strike him in the face. **SEWELL** asked **MELENDEZ** to stop hitting him.

12.    **MELENDEZ** then ordered **SEWELL** to roll over onto his stomach. **SEWELL** advised **MELENDEZ** that he couldn't roll over because **MELENDEZ** was

sitting on top of him. **MELENDEZ** then accused **SEWELL** of resisting. **SEWELL** attempted to roll over but was only able to roll partially over onto his side because of the positioning of one of his arms and **MELENDEZ's** weight on his body.

13.     **MELENDEZ** then told **SEWELL** he had something for him. He lifted **SEWELL's** shirt and began tasering him. The electric current caused **SEWELL** to lose all muscle control. **SEWELL** was finally able to roll completely over at which point **MELENDEZ** handcuffed him.

14.     **MELENDEZ** then immediately ordered **SEWELL** to stand upright. **SEWELL** advised **MELENDEZ** that he needed assistance at which point **MELENDEZ** violently yanked **SEWELL's** arms which were handcuffed behind him upwards, causing intense pain to **SEWELL's** arms and shoulders.

15.     In addition to being arrested on the warrant for misdemeanor defamation, **SEWELL** was arrested by **MELENDEZ** for resisting a police officer with force or violence in violation of La.R.S. 14:108.2. This was an illegal arrest as at no time did the petitioner resist **MELENDEZ's** arrest.

16.     Following the arrest, **MELENDEZ** fabricated allegations that **SEWELL** resisted to justify his excessive force and assault and battery on petitioner. It includes allegations that **SEWELL** struck **MELENDEZ**.

17.     As a result of this excessive force and assault and battery by the defendant, **MELENDEZ**, the petitioner suffered injuries to his face, head, back and shoulders, embarrassment, humiliation, legal and medical expenses.

-4-

18.     The injuries sustained by the petitioner were solely and proximately caused by the intentional act of the defendant, **MELENDEZ**, as previously described.

19.     At all times mentioned herein the defendant, **MELENDEZ**, was employed by the defendant, **SHERIFF SMITH**, and was acting in the course and scope of his employment with **SHERIFF SMITH**.

20.     The defendant, **SHERIFF SMITH**, is independently liable to the petitioner for hiring and/or retaining **MELENDEZ** as a deputy. The defendant, **MELENDEZ**, has in the past utilized excessive force and/or assaulted and battered arrestees. He has also intentionally in the past fabricated criminal charges against arrestees in order to justify incidents of injury to arrestees. These facts were known to the defendant, **SHERIFF SMITH**, who intentionally and/or negligently ignored evidence of his behavior and allowed the defendant, **MELENDEZ**, to remain a deputy. It was foreseeable to **SHERIFF SMITH** that the defendant, **MELENDEZ** would repeat this behavior.

## V.     CAUSES OF ACTION

21.     The petitioner was the victim of summary punishment at the hand of **MELENDEZ**. **MELENDEZ's** use of excessive force and his illegal arrest of **SEWELL** for resisting arrest was a violation of **SEWELL's** Fourth Amendment right to be free from unreasonable search and seizure.  The defendant, **MELENDEZ**, is also liable to **SEWELL** for wrongfully instituting legal process, which has resulted in the continued pretrial deprivation of petitioner's liberty in violation of his Fourteenth Amendment Right to substantive due process.

-5-

22.     In addition, the petitioner alleges under State law that he was the victim of an assault and battery, false arrest and malicious prosecution by the defendant **MELENDEZ**.

23.     The defendant, **SHERIFF SMITH**, is liable to the petitioner for his negligence in hiring and retaining **MELENDEZ**.

24.     Defendant **SHERIFF SMITH** is liable and responsible for the state law violations of **MELENDEZ** under the theory of respondent superior.  As such he would be vicariously liable to the petitioner for **MELENDEZ's** assault and battery, false arrest and malicious prosecution.

## VI.   DAMAGES

25.     As a result of the afore-described excessive force, illegal arrest, wrongful institution of legal process, assault, battery, false arrest and malicious prosecution, the petitioner suffered physical injuries, embarrassment, humiliation, medical expenses and violations of his civil rights.

26.     The petitioner is entitled to damages for medical expenses, pain, suffering, mental anguish, emotional trauma and violation of his civil rights.

27.     The petitioner seeks punitive damages for violations of his civil rights.

28.     The petitioner is entitled to reasonable attorney's fees should he prevail in his claims for violations of his civil rights.

29.     Defendants are liable to the petitioner jointly, severally and in solido.

-6-

**VII.**    <u>**PRAYER FOR RELIEF**</u>

       **WHEREFORE**, the plaintiff, **SCOTT SEWEL**, prays that the defendants be duly cited and served with a copy of the foregoing Complaint and be made to answer the same, that the Court exercises its supplemental jurisdiction over the state claims, and after due proceedings, there be judgment in his favor and against the defendants, **DEPUTY CHAD MELENDEZ, individually, and SHERIFF RANDY SMITH, his official capacity as Sheriff of St. Tammany Parish**, holding them liable jointly, severally and in solido for all compensatory and punitive damages alleged herein, together with judicial interest, for all attorney's fees, and that the defendants bear all costs of these proceedings, and for any and all further legal, equitable and general relief available.

                Respectfully submitted;

                **GARY W. BIZAL, L.L.C.**

                <u>/s/</u> *Gary W. Bizal*
                **GARY W. BIZAL (#1255)**
                639 Loyola Avenue, Suite 1820
                New Orleans, Louisiana 70113
                Telephone: (504)525-1328
                Fax: (504)525-1353
                gary@garybizal.com
                Attorney for Petitioner

<u>**SERVICE WILL BE MADE BY WAIVER OF SERVICE ON:**</u>

Sheriff Randy Smith
St. Tammany Parish Sheriff's Office
701 N. Columbia St.
Covington, LA 70433

Deputy Chad Melendez
St. Tammany Parish Sheriff's Office
701 N. Columbia St.
Covington, LA 70433